Filed 2/17/26  P. v. Carranza CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

<table>
<tr><td>

THE PEOPLE,

    Plaintiff and Respondent,

v.

VICTOR MANUEL CARRANZA,

    Defendant and Appellant.

</td><td>

E085712

(Super.Ct.No. FWV23002553)

OPINION

</td></tr>
</table>

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Maria I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2024 a jury convicted Victor Manuel Carranza of eight counts of committing a lewd act on a child under the age of 14. He appealed his judgment. His attorney has filed a brief under the authority of *People v. Wende* and *Anders v. California*[1] informing this court they were unable to identify any errors and asking us to perform an independent review of the record. We affirm.

BACKGROUND

Jane Doe 1 is Carranza's cousin and is nine years younger than Carranza. Carranza was born in 1986, and Jane Doe 1 was born in 1995.

When Jane Doe 1 was seven years old, Carranza groped her chest and buttocks over her clothes, and dry humped her in her bedroom while she was sleeping. This happened more than five times, and continued after Jane Doe 1 turned eight.

When Jane Doe 1 was 10 years old, she moved next door to Carranza. The dry humping and groping continued during this time, occurring about once every two weeks. When she turned 12 or 13, Carranza began groping between her legs over her clothes. He touched her between her legs more than five times. When Jane Doe 1 was 14, Carranza masturbated his penis over her face. This happened four or five times.

Jane Doe 1 did not report these incidents until years later, after she had her own children. Police interviewed Jane Doe 1 in 2022, and asked her to participate in a pretext phone call with Carranza. Carranza admitted to touching Jane Doe 1 inappropriately

---

[1] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

during the pretext phone call. Police then interviewed Carranza, and he admitted to dry humping Jane Doe 1.

The San Bernardino County District Attorney charged Carranza with eight counts of committing a lewd act upon a child under the age of 14 (Pen. Code, § 288, subd. (a)),[2] sexual penetration by force of someone under 14 (§ 289, subd. (a)(1)(C)), assault with intent to commit rape during a first-degree burglary (§ 220, subd. (b)) and two counts of forcible rape (§ 261, subd. (a)(2)) as well as two additional sexual crimes against a second victim, Jane Doe 2. Carranza objected that some of the offenses were barred by the statute of limitations. The court found this objection unavailing because section 799—which lifts the statute of limitations for any "offense punishable by death or imprisonment . . . for life"—and section 801.1—which allows for prosecution under section 288 until the victim's 40th birthday if the statute of limitations had not yet run by January 1, 2015—allowed prosecution for these crimes. However, the trial court did grant Carranza's motion to dismiss one of the forcible rape charges.

The case proceeded to a jury trial. During deliberations, five jurors reported, through a jury question, that they believed the prosecutor was signaling witnesses to give specific answers. Carranza brought a motion to dismiss all charges based on prosecutorial misconduct, which the prosecution opposed. Carranza also requested the court suspend jury deliberations in order to hold a hearing on the alleged misconduct, and requested a mistrial if the court did not suspend the proceedings. The court opted to not

---

[2] Unlabeled statutory citations refer to the Penal Code.

3

suspend the deliberations or declare a mistrial, and instead instruct the jury that it could take the alleged misconduct into account when assessing witness credibility. However, it also committed to holding a hearing on the allegations after the jury had completed its deliberations.

The jury deadlocked on the forcible rape charge against Jane Doe 1 and both of the counts regarding Jane Doe 2. The court declared a mistrial as to those counts, and they were subsequently dismissed on the prosecution's motion.

The jury found Carranza guilty of all eight counts of committing a lewd act upon a child under the age of 14 against Jane Doe 1, but not guilty of all remaining counts.

The court then held an evidentiary hearing regarding the alleged prosecutorial misconduct. The court heard testimony from all 12 jurors, three alternates, an officer who testified on the prosecution's behalf, the victim advocate, Jane Doe 1, Jane Doe 2, and another witness who testified for the prosecution. After hearing this testimony and argument, the court denied the defense's motion to dismiss for prosecutorial misconduct. The court stated that it did not personally notice any signaling behavior from the prosecutor, found credible witnesses' testimony that the prosecutor was not trying to communicate with them, and found the jurors' testimony regarding the alleged signaling behavior equivocal.

The trial court found three aggravating factors true and dismissed a multiple victims enhancement. It then sentenced Carranza to an aggregate term of 17 years,

4

composed of three years for one of the eight convictions, and two years (one-third the midterm of six years) each for the seven subsequent counts.

## DISCUSSION

We appointed counsel to represent Carranza on appeal, and counsel has filed a brief under the authority of *Wende* and *Anders*, setting forth a statement of the case and a summary of the facts and asking us to conduct an independent review of the record. Counsel's brief directed our attention to three potential issues: (1) whether the prosecutor did engage in misconduct; (2) whether the statute of limitations barred prosecuting Carranza under section 288, subdivision (a); and (3) whether there was sufficient evidence to convict Carranza. We offered Carranza an opportunity to file a personal supplemental brief, and he has not done so.

We have independently reviewed the record for potential error as required by *People v. Kelly* (2006) 40 Cal.4th 106 and find no arguable error that would result in a disposition more favorable to Carranza.

## DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:

CODRINGTON _____
Acting P. J.

MENETREZ _____
J.

5